Case 2:21-cv-00222   Document 42   Filed on 10/26/22 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
October 26, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOAQUIN ALVAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00222 |
| | § | |
| REGIONAL DIRECTOR, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S REQUEST FOR ENTRY OF
DEFAULT JUDGMENT AND SIFUENTES'S MOTION TO DISMISS**

Plaintiff Joaquin Alvarez, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's Request for Entry of Default Judgment (D.E. 36) and a Motion to Dismiss filed by Defendant Philip Sifuentes. (D.E. 37). For the reasons set forth below, it is respectfully recommended that both Plaintiff's request and Sifuentes's motion be **DENIED**.

**I.     JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the Hughes Unit in Gatesville, Texas. Plaintiff's allegations in this case arose in connection with his previous housing assignment at the McConnell Unit in Beeville, Texas.

Plaintiff named the following defendants in this action: (1) TDCJ Regional Director, name unknown; (2) Warden Sifuentes, former warden at the McConnell Unit; (3) John Doe Transportation Officer No. 1; and (4) Richard Roe Transportation Officer No. 2. Plaintiff generally claimed that Defendants violated his Eighth Amendment rights. Plaintiff sued each defendant in his or her individual and official capacities.

On January 27, 2022, the undersigned conducted a *Spears*[1] hearing. In a Memorandum and Recommendation issued on March 21, 2022, the undersigned recommended that the Court:

- RETAIN Plaintiff's Eighth Amendment excessive force claim for pushing and/or shoving against John Doe Transportation Officer No. 1 in his individual capacity;

- RETAIN Plaintiff's Eighth Amendment deliberate indifference claim, based on the conditions of Plaintiff's confinement in administrative segregation, against Warden Sifuentes in his individual capacity;

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

- DISMISS Plaintiff's claim for money damages against Defendants in their official capacities as barred by the Eleventh Amendment;

- DISMISS with prejudice Plaintiff's claim seeking injunctive relief against Warden Sifuentes in his official capacity as moot;

- DISMISS with prejudice Plaintiff's claims against the remaining Defendants as frivolous and/or for failure to state a claim for relief.

(D.E. 23). The undersigned ordered that Plaintiff's original complaint (D.E. 1) and First Amended Complaint (D.E. 20) be served on John Doe Transportation Officer No. 1 and Warden Sifuentes. (D.E. 24). District Judge David S. Morales subsequently adopted the M&R in its entirety. (D.E. 32).

On May 5, 2022, counsel for the Office of Attorney General of the State of Texas (OAG) submitted an Advisory to inform the Court that Sifuentes was no longer a TDCJ employee. (D.E. 27). The OAG's counsel further provided Sifuentes's last known home address. (D.E. 28). That day, the undersigned ordered service of Plaintiff's original complaint and Amended Complaint on Sifuentes at his last known address. (D.E. 31).

On May 16, 2022, service of Plaintiff's lawsuit was executed on Sifuentes. (D.E. 35). When Sifuentes did not file a timely responsive pleading, the undersigned scheduled a telephone conference for July 6, 2022 to discuss this matter as well as another service matter involving John Doe Transportation Officer No. 1. During the telephone conference,

the undersigned directed Plaintiff to file a motion for default judgment with respect to Sifuentes on or before August 10, 2022.

On July 18, 2022, Plaintiff filed a Request for Entry of Default Judgment against Sifuentes pursuant to Federal Rule of Civil Procedure 55. (D.E. 36). On August 5, 2022, Sifuentes filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 37). Plaintiff subsequently filed his response to the Motion to Dismiss. (D.E. 39).

### III.    PLAINTIFF'S ALLEGATIONS

With respect to his Eighth Amendment claim against Sifuentes, Plaintiff alleged the following relevant facts either in his First Amended Complaint (D.E. 20) or at the *Spears* hearing. After Plaintiff arrived at the McConnell Unit on February 12, 2022, he was housed for thirty days in administrative segregation (12 Building A Pod). (D.E. 20, pp. 3-5). According to Plaintiff, Sifuentes assigned Plaintiff to his cell in administrative segregation. (D.E. 20, pp. 22-23). Plaintiff described the conditions of his confinement in administrative segregation as follows: (1) the sink had no running water; (2) Plaintiff was provided with no cleaning supplies; (3) the walls and floors were filthy and bacteria-stained; and (4) mice, rats, and roaches were in Plaintiff's cell every night. (D.E. 20, p. 6).

Plaintiff contracted strep throat during his stay in administrative segregation. (D.E. 20, pp. 7, 10). Plaintiff was treated for strep throat on February 27, 2019 at the unit's medical facility. (D.E. 20, p. 10). Plaintiff complained to Warden Sifuentes about the

unsanitary conditions of his cell in administrative segregation. (D.E. 20, pp. 10-11). Warden Sifuentes responded that Plaintiff belonged in his assigned cell. (D.E. 20, p. 11).

## IV. DISCUSSION

### A. Plaintiff's Request for Entry of Default Judgment

Plaintiff requests that the Court enter default judgment against Sifuentes. (D.E. 36). Federal Rule of Civil Procedure 55 provides in pertinent part that:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Plaintiff is not entitled to an entry of a default judgment in this case. Subsequent to Plaintiff seeking entry of a default, Sifuentes appeared in this case when he filed his Rule 12(b)(6) Motion to Dismiss. (D.E. 37). By filing this responsive pleading, the undersigned finds that the drastic remedy of an entry of default is not warranted. Accordingly, the undersigned respectfully recommends that Plaintiff's Rule 55 request for an entry of default judgment (D.E. 36) be **DENIED**.

**B. Sifuentes's Motion to Dismiss**

*(1) Legal Standard*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

Rule12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. "[A] plaintiff's obligation to prove the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 554-55. When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### *(2)   Analysis of Deliberate Indifference Claim against Sifuentes*

Plaintiff claims that Sifuentes acted with deliberate indifference to Plaintiff's health with respect to his placement and lengthy thirty-day stay in administrative segregation. The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. "The Constitution does not mandate comfortable prisons . . . but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (per curiam) (internal quotations omitted)). Prison officials are required to must provide humane conditions of confinement and ensure that inmates receive adequate food, water, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Flores v. TDCJ Transitorial Planning Dept.*, No. 2:14-CV-283, 2015 WL 10436114, at *2 (S.D. Tex. Nov. 17, 2015), *adopted* 2016 WL 879831 (S.D. Tex. Aug. 30, 2016)).

An Eighth Amendment violation occurs when a prison official is deliberately indifferent to an inmate's health and safety. *Farmer*, 511 U.S. at 834. The test for deliberate indifference has both an objective and subjective prong. *Id.* at 839. Under the objective prong, the inmate "must first prove objective exposure to a substantial risk of serious harm." *Trevino v. Livingston*, No. 3:14-CV-52, 2017 WL 1013089, at *3 (S.D. Tex. Mar. 13, 2017) (citing *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)). To prove the subjective prong of the deliberate indifference test, the inmate "must establish that the

defendants were aware of an excessive [or substantial] risk to the plaintiff's health or safety, and yet consciously disregarded the risk." *Cook v. Crow*, No. 1:20-CV-85, 2021 WL 6206795, at *3 (E.D. Tex. July 26, 2021), *adopted* 2022 WL 23169 (S.D. Tex. Jan. 3, 2022) (citing *Farmer*, 511 U.S. at 397 and *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002)).

"Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). The Fifth Circuit has "consistently recognized … that 'deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.'" *Dyer v. Houston*, 964 F.3d 374, 381 (5th Cir. 2020) (quoting *Thompson v. Upshur Cty., Tex.*, 245 F.3d 447, 458-59 (5th Cir. 2001)). *See also Aguirre v. City of San Antonio*, 995 F.3d 395, 420 (5th Cir. 2021) ("Negligence or even gross negligence is not enough, the officials must have actual knowledge of the substantial risk"). The Supreme Court further explains that "an official's failure to alleviate a significant risk that he should have perceived but did not" falls short of constituting deliberate indifference. *Farmer*, 511 U.S. at 838.

In accessing prisoner allegations of unconstitutional conditions of confinement, the Supreme Court has noted that some complained-of conditions amount to no more than "a de minimis level of imposition with which the Constitution is not concerned." *Ingraham v. Wright,* 430 U.S. 651, 674 (1977). Moreover, the Court has further explained that it is necessary to consider the duration of the plaintiff's exposure to the complained-of condition. *See Hutto v. Finney,* 437 U.S. 678, 686–87 (1978).

Following this guidance, the Fifth Circuit Court of Appeals and other circuit courts have recognized that a filthy cell may be tolerable and not an Eighth Amendment violation for a few days but intolerably cruel and unusual for a time period of weeks or months. *See Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (citing *Hutto*, 437 U.S. at 686-87); *Howard v. Adkison,* 887 F.2d 134, 137 (8th Cir.1989) (citing *Hutto,* 437 U.S. at 687); *see also White v. Nix,* 7 F.3d 120, 121 (8th Cir.1993) (a prisoner confined to an allegedly unsanitary cell for eleven days could not prove an Eighth Amendment violation due to "relative brevity" of his stay); *Harris v. Fleming,* 839 F.2d 1232, 1235–36 (7th Cir. 1988) (filthy, roach-infested cell for five days does not amount to constitutional violation). However, there is no exact time calculation, and with certain conditions, or combination of conditions, the short duration of the exposure does not eliminate the violation. *See e.g., McBride v. Deer*, 240 F.3d 1287, 1291-92 (10th Cir. 2001) (finding an Eighth Amendment violation where a prisoner was forced to live in a feces-covered cell for three days); *LaReau v. MacDougal*, 473 F.2d 974, 978 (2d Cir. 1972) (prisoner's Eighth Amendment rights were violated where he was forced to "live, eat, and perhaps sleep in close confines with his own human waste" for five days).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). It is well established that a prison supervisor cannot be held liable for the misconduct of his or her subordinates. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). "Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation;

or (2) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

Sifuentes contends in his Motion to Dismiss that he had no personal involvement in any alleged constitutional violation involving Plaintiff's stay at the McConnell Unit. (D.E. 37, pp. 2-3). Sifuentes further contends that, because inmates have no constitutional right to have grievances resolved to their satisfaction, Sifuentes's alleged failure to resolve Plaintiff's grievances in his favor fails to state a claim. (*Id.*). Plaintiff maintains that his placement in a filthy, unsanitary cell for thirty days, where he was denied "basic human needs and sanitation," state an Eighth Amendment claim against Sifuentes. (D.E. 39, pp. 2, 4).

Sifuentes correctly states that prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor. *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005). Contrary to Sifuentes's contention, however, Plaintiff neither alleges nor otherwise argues that Sifuentes failed to resolve any formal grievances in his favor.

Rather, Plaintiff alleges that Warden Sifuentes was the official responsible for assigning Plaintiff to an unsanitary cell for thirty days and that he ignored Plaintiff's verbal complaints during this period about the significant unsanitary conditions of his cell, which included filthy and bacteria-stained walls and floors. Plaintiff's allegations, accepted as true, reflect that Sifuentes personally participated in acts related to the potential deprivation of Plaintiff's Eighth Amendment rights. These allegations suggest that Sifuentes knew of

the risk to Plaintiff's health due to his confinement in an unsanitary cell and disregarded such risk by housing him in the administrative segregation cell for an extended period of time. *See Alexander v. Texas Dept. of Criminal Justice*, 951 F.3d 236, 241 (5th Cir. 2020); *Davis*, 157 F.3d at 1006.

Sifuentes further argues that Plaintiff has not alleged a physical injury and that his Eighth Amendment claim seeking compensatory and punitive damages[2] against him, therefore, must be dismissed as a matter of law. (D.E. 37, pp. 3-4). The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury...." 42 U.S.C. § 1997e(e).

Here, Plaintiff alleged he suffered a physical injury by contracting strep throat during his thirty-day stay in administrative segregation and that such illness required medical attention. Plaintiff's allegations regarding his illness are sufficient at this stage of the case to state the requisite physical injury in support of his Eighth Amendment claim seeking compensatory damages. *See Hamby v. Warden, Estell Unit*, No. H-20-3428, 2020 WL 7081606, at *2 (S.D. Tex. Dec. 3, 2020) (finding that inmate's failure to allege he became ill as a result of overcrowded conditions precluded him from seeking compensatory damages under § 1997e(e)).

---

[2] Plaintiff testified at the *Spears* hearing that he seeks "monetary damages." (D.E. 22, pp. 23-24). He did not specify whether he sought punitive damages.

Accordingly, Sifuentes's Motion to Dismiss (D.E. 37) should be denied because Plaintiff has stated a plausible Eighth Amendment claim against him seeking monetary damages.

## V.     RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Rule 55 Request for Entry of Default Judgment (D.E. 36) and Sifuentes's Rule 12(b)(6) Motion to Dismiss (D.E. 37) each be **DENIED**.

Respectfully submitted on October 26, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).