Case 2:21-cv-00222   Document 45   Filed on 12/01/22 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
December 01, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOAQUIN ALVAREZ, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. 2:21-CV-00222 |
| | § |
| REGIONAL DIRECTOR, *et al.*, | § |
| | § |
| Defendants. | § |

**MEMORANDUM & RECOMMENDATION TO DISMISS
DEFENDANT JOHN DOE TRANSPORATION OFFICER NO. 1
<u>FOR FAILURE TO SERVE</u>**

Plaintiff Joaquin Alvarez is a Texas inmate appearing *pro se* and *in forma pauperis*. In this prisoner civil rights action, Plaintiff Alvarez named the following defendants in this action: (1) TDCJ Regional Director, name unknown; (2) Warden Sifuentes, former warden at the McConnell Unit; (3) John Doe Transportation Officer No. 1; and (4) Richard Roe Transportation Officer No. 2. Plaintiff generally claimed that Defendants violated his Eighth Amendment rights.

As part of a Memorandum and Recommendation issued on March 21, 2022, the undersigned recommended that the Court only retain: (1) Plaintiff's Eighth Amendment excessive force claim for pushing and/or shoving against John Doe Transportation Officer No. 1 in his individual capacity; and (2) Plaintiff's Eighth Amendment deliberate indifference claim, based on the conditions of Plaintiff's confinement in administrative

segregation, against Warden Sifuentes in his individual capacity. (D.E. 23). The undersigned ordered that Plaintiff's original complaint (D.E. 1) and First Amended Complaint (D.E. 20) be served on John Doe Transportation Officer No. 1 and Warden Sifuentes. (D.E. 24). District Judge David S. Morales subsequently adopted the M&R in its entirety. (D.E. 32).

On May 5, 2022, counsel for the Office of Attorney General of the State of Texas (OAG) submitted an Advisory to inform the Court that he was unable to identify John Doe Transportation Officer No. 1 and was, therefore, unable to provide this defendant's last known address. (D.E. 29). At a telephone conference conducted on July 6, 2022, Plaintiff informed the Court that "Clifton" was the last name of John Doe Transportation Officer No. 1. Plaintiff described "Clifton" as a white male in his 30s with blond hair. The undersigned directed counsel for the OAG to file an Advisory on or before August 10, 2022, identifying "Officer Clifton."

On August 10, 2022, counsel for the OAG filed an Advisory, informing the Court that he has made good faith attempts to identify "Officer Clifton" but to no avail. (D.E. 38). According to counsel, a search of TDCJ personnel records has not revealed that any TDCJ employee with the last name of "Clifton" was assigned to the McConnell Unit or transportation between February 19, 2019, and February 21, 2019. (Id.).

To date, the Court has attempted to obtain service on John Doe Transportation Officer No. 1 with the assistance of both Plaintiff and the OAG. All efforts to identify this defendant have so far been unsuccessful. Ultimately, Plaintiff is responsible for

timely serving process on all defendants within ninety days of the filing of his lawsuit. Fed. R. Civ. P. 4(m).

On October 26, 2022, the Plaintiff was Ordered to Show Cause within thirty days why his Eight Amendment excessive force claims against John Doe Transportation Officer No. 1 should not be dismissed for failure to timely serve him. (D.E. 43). Plaintiff was warned that failure to comply with the October 26 Order may result in the dismissal of his claim against John Doe Transportation Officer No. 1. Plaintiff has not responded to the Show Cause Order.

To date, Plaintiff has failed to comply with the October 26 Order and effectuate service on Defendant John Doe Transportation Officer No. 1. Accordingly, the undersigned respectfully recommends that Plaintiff's claims against John Doe Transportation Officer No. 1 be **DISMISSED** without prejudice based on Plaintiff's failure to comply with the October 26 Order and serve John Doe Transportation Officer No. 1 in a timely fashion pursuant to Rule 4(m).

Respectfully submitted on December 1, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).