Case 2:21-cv-00222 Document 47 Filed on 02/08/23 in TXSD Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
February 09, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOAQUIN ALVAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:21-CV-00222 |
| | § | |
| REGIONAL DIRECTOR, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Julie K. Hampton's Memorandum and Recommendation ("M&R"), entered on October 26, 2022. (D.E. 42). The M&R recommends that the Court **DENY** Plaintiff Joaquin Alvarez's request for entry of default, (D.E. 36), and **DENY** Defendant Philip Sifuentes's motion to dismiss, (D.E. 37). (D.E. 42, p. 1). Sifuentes timely filed objections to the portion of the M&R recommending that his motion to dismiss be denied. (D.E. 44, p. 1).

### I. Legal Standard

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). As to any portion of the M&R not objected to, the district court need only determine whether the M&R is clearly erroneous or contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam); *Powell v. Litton Loan Servicing, LP*, No. H-14-2700, 2015 WL 3823141, at *1 (S.D. Tex. June 18,

2015) (Harmon, J.). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. Analysis

### A. Plaintiff's Request for Entry of Default Judgment

No objections were filed with respect to the M&R's recommendation that the Court deny Plaintiff's request for entry of default. After consideration, the Court finds this portion of the M&R was not clearly erroneous or contrary to law. *See Wilson*, 864 F.2d at 1221. As such, the Court **ADOPTS** this portion of the M&R. (D.E. 42, p. 1). The Court **DENIES** Plaintiff's request for entry of default. (D.E. 36).

### B. Sifuentes's Motion to Dismiss

Sifuentes filed objections to the portion of the M&R recommending that his motion to dismiss be denied. (D.E. 44, p. 1). The M&R recommended denying Sifuentes's motion to dismiss after finding that Plaintiff stated a plausible Eighth Amendment claim against him pursuant to 42 U.S.C. § 1983. (D.E. 42, p. 12). Sifuentes objects, arguing that there are no facts demonstrating that (1) he personally participated in the deprivation of Plaintiff's Eighth Amendment rights or that (2) he was deliberately indifferent to Plaintiff's health and safety. (D.E. 44, p. 2, 4).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Thus, supervisory officials may only be held liable if "they affirmatively participate in acts that cause constitutional deprivation" or "implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992). Additionally, an inmate must show the official was deliberately indifferent to the inmate's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To show deliberate indifference, the inmate must allege "objective exposure to a substantial risk of

serious harm." *Trevino v. Livingston*, No. 3:14-CV-52, 2017 WL 1013089, at *3 (S.D. Tex. Mar. 13, 2017) (Hanks, Jr., J.) (citation omitted). The inmate must also allege that the official was "aware of an excessive [or substantial] risk to the plaintiff's health or safety, and yet consciously disregarded the risk." *Cook v. Crow*, No. 1:20-CV-85, 2021 WL 6206795, at *3 (E.D. Tex. July 26, 2021) (Hawthorn, Mag. J.), *adopted* 2022 WL 23169 (E.D. Tex. Jan. 3, 2022) (Heartfield, J.) (citation omitted).

First, Sifuentes argues that Plaintiff does not allege "details" showing that he was personally involved in making Plaintiff's cell assignment or that he implemented unconstitutional policies relating to the conditions in that cell. *See* (D.E. 44, p. 3–4). However, after conducting a de novo review, the Court finds that Plaintiff has alleged enough facts that, taken as true, plausibly demonstrate that Sifuentes affirmatively participated in or implemented constitutional policies causing Plaintiff's injuries. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The following allegations are taken from Plaintiff's first amended complaint, (D.E. 20), and the *Spears* hearing conducted on January 27, 2022, *see* (D.E. 22). *See Eason v. Holt*, 73 F.3d 600, 602–03 (5th Cir. 1996) (explaining that a plaintiff's "*Spears* testimony becomes a part of the total filing by the *pro se* applicant" and thus "bears on the evaluation of the legal sufficiency of the claim" when a defendant moves for dismissal). After Plaintiff arrived at the McConnell Unit on February 12, 2019, he was housed for thirty days in administrative segregation. (D.E. 22, p. 3–5). Plaintiff alleges that the administrative segregation cell he was placed in "had no running water, . . . the walls were brown filthy, the floor was filthy, and mice and rats and roaches c[a]me in [his] cell every night." *Id.* at 6. He was not given any cleaning supplies for the cell. *Id.* Plaintiff contracted strep throat while in the administrative segregation cell. *Id.* at 7. Plaintiff complained about the conditions to Sifuentes and filed grievances complaining about the condition. *Id.* at 11. At some

point, Plaintiff was taken to the courthouse in a van. *Id.* at 12–16. During this trip, he was placed in a lockbox and not permitted to use the restroom or eat or drink. *Id.*; (D.E. 20, p. 4) (alleging that Sifuentes denied him drinking water and access to a urinal pursuant to T.D.C.J. policy). Plaintiff also alleges that Sifuentes "implemented the segregation housing of transient prisoners mixed with [people with disciplinary problems,]" (D.E. 22, p. 22–23), and the policy of not being allowed to shower, *id.* at 23.

These allegations are enough to assert that Sifuentes personally participated in acts related to the potential deprivation of Plaintiff's Eighth Amendment rights. At this stage, more "detailed" allegations are not required. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[D]etailed factual allegations" are not required as long as "[f]actual allegations [are] enough to raise a right to relief above the speculative level"). Further, Plaintiff's allegations that he complained to Sifuentes about the conditions of confinement and that Sifuentes actively ignored these complaints and continued to house him in the administrative segregation cell for 30 days are enough, at this stage, to plausibly allege that Sifuentes knew about the substantial risk to Plaintiff's safety, yet consciously disregarded it. As such, Plaintiff has plausibly alleged that Sifuentes (1) personally participated in the alleged constitutional deprivation and (2) was deliberately indifferent. Accordingly, having made a de novo review of these portions of the M&R to which Sifuentes's objections were directed, the Court **OVERRULES** Sifuentes's objections. (D.E. 44). Finding that the remaining portions of the M&R were not clearly erroneous or contrary to law, the Court **ADOPTS** the M&R in its entirety. (D.E. 42).

### III. Conclusion

For the reasons stated herein, the Court:

(1) **OVERRULES** Sifuentes's objections, (D.E. 44);

(2) **ADOPTS** the M&R in its entirety, (D.E. 42);

(3) **DENIES** Plaintiff's request for entry of default judgment, (D.E. 36); and

(4) **DENIES** Sifuentes's motion to dismiss, (D.E. 37).

SO ORDERED.

                    DAVID S. MORALES
                    UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
      February 8, 2023